NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

May 11, 2022

Via eCourts
Anne S. Cantwell, Esq.
Silverstein, Kohl, Rose & Podolsky, P.A.

Mark P. Asselta, Esq.
Brown & Connery, LLP

RE:     The United House of Prayer for All People of the Church on the Rock of the Apostolic
        Faith v. Camden City
        Docket No. 011516-2021

Counsel:

This letter constitutes the court's opinion with respect to plaintiff's motion for summary judgment and defendant's cross motion. As more particularly set forth below, the court finds that under the facts of this case, the property qualifies for exemption from real property tax under N.J.S.A. 54:4-3.6. The court finds that the subject property is owned by the exempt organization notwithstanding the manner in which it is titled.

## PROCEDURAL HISTORY AND FINDINGS OF FACT

The following facts are obtained from the certification submitted by plaintiff which the defendant does not oppose.[1]

---

[1] Plaintiff did not submit a separate statement of material facts, but instead submitted a certification which set forth the material facts which it contended was not in dispute. Defendant does not dispute any such fact.

 *

The United House of Prayer for All People of the Church on the Rock of the Apostolic Faith ("plaintiff") was incorporated in the District of Columbia on June 20, 1927. In its Articles of Incorporation filed under the Charitable, Educational and Religious Association chapter of the Corporations Title of the District of Columbia, plaintiff's stated purpose is to "establish, maintain and perpetuate the doctrine of Christianity and the Apostolic Faith throughout the world among all people, to erect and maintain houses of prayer and worship where all people may gather for prayer and to worship the Almighty God in Spirit and in Truth, irrespective of denomination or creed, and to maintain the Apostolic Faith of the Lord and Savior, Jesus Christ." In 1964 the Internal Revenue Service ("IRS") recognized plaintiff as exempt from federal income tax under §501(c)(3) of the Internal Revenue Code. Plaintiff's Constitution and By-Laws were originally adopted on July 1, 1929 and were amended from time to time. Article VII, Section 5 of the Constitution and By-Laws provides that,

> [t]he Bishop shall hold the property of all of the congregations of the organization as Trustee for the use and benefit of such congregations. The Bishop may rent, lease, dispose of or retain such property, for the use and benefit of the organization.

Further, Article XI, Section 1 provides that,

> [p]roperty purchased by any minister or other persons belonging to this organization for the purpose of assembly of a congregation of this organization shall belong to this organization irrespective of in whose name title thereto is taken.

The real property commonly known as 915 Broadway, Camden City, NJ ("subject property") was acquired in 1969. The deed by which title was obtained stated that the grantee was "Bishop Walter McCullough, Trustee, United House of Prayer for All People of the Church on the Rock of the Apostolic Faith." In 1992 a deed for the subject property was executed by "Bishop S.C. Madison, Successor Trustee, For the United House of Prayer for all People of the Church on

2

the Rock of the Apostolic Faith," as Grantor to "Bishop S.C. Madison, Successor Trustee for the United House of Prayer for all People of the Church on the Rock of the Apostolic Faith." This deed, recorded with the Clerk of Camden County, was intended to reflect the succession of Bishop Madison to the leadership of the plaintiff. In 1993, a Deed transferring title from "Bishop S.C. Madison, Successor Trustee for the United House of Prayer for all People of the Church on the Rock of the Apostolic Faith" to "Bishop S.C. Madison, Trustee **and his successor Trustees**, as Trustee for the United House of Prayer for all People of the Church on the Rock of the Apostolic Faith" (emphasis added) was executed and recorded in the Camden County Clerk's records.[2] This deed was recorded in order to eliminate the need to record new deeds each time a new Bishop was elected.[3]

After falling into disrepair, use of the subject property for church purposes was discontinued for some period of time. During the years of nonuse, the subject property was not exempt from real property tax. During 2019 and 2020, plaintiff renovated the subject property. On or about June 13, 2020, the renovated building was re-dedicated and re-opened. Church operations have been conducted at the subject property since that time. The subject property is used exclusively by the church for church purposes. There is no residence at the subject property, and it is not rented to any third parties.

---

[2] It appears that tract 4 of the deed description was inadvertently omitted from this deed.

[3] The church has had four Bishops since its inception: Bishop C.M. Grace, plaintiff's founder, Bishop Walter McCollough, Bishop S.C. Madison and Bishop C.M. Bailey, plaintiff's current Bishop elected on May 23, 2008. A second confirmatory deed which included the description of the subject property was inadvertently recorded in the Essex County Register's office. This deed recites the language of Article VII, Sec. 5 of the plaintiff's Constitution and By-Laws providing that ownership of plaintiff's property is to be held by the Bishop as Trustee for plaintiff. It's stated intention is to correct any reference in the public record to the "name of the church" and to "correctly identify the name of the Grantor in the 1993 Deed."

On or about September 22, 2020, plaintiff submitted an application for exempt status. Defendant's assessor denied the exemption on January 29, 2021.  In doing so, the denial letter states,

> [t]he deed dated, (sic) 8-3-1992, lists the ownership as Bishop S.C. Madison, Successor Trustee, for the United House of Prayer for All People of the Church on the Rock of the Apostolic Faith.  Based on the ownership listed in this 1992 deed, Block 307, Lot 74 does not meet the eligibility requirement for the Tax Exemption.  The Bishop is not permitted to have an ownership interest in the property.

Plaintiff appealed the denial to the Camden County Board of Taxation which affirmed the assessor's denial.  On August 12, 2021, plaintiff filed a complaint with this court appealing the judgment of the Camden County Board of Taxation.  On March 2, 2022, plaintiff filed the instant summary judgment motion.  Defendant filed opposition and a cross motion for summary judgment.[4]  Oral argument was held on April 1, 2022.

## LEGAL ANALYSIS

Summary Judgment Standard

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).  The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  The trial judge must consider "whether the competent evidential materials

---

[4] Defendant did not submit a response to plaintiff's statement of material facts or submit a statement of material facts in support of its cross motion.  Defendant did not contest the factual assertions of plaintiff and relied on those facts in support of its cross motion.

4

presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Ibid.

"The party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986)). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

Moreover, Rule 4:46-5(a) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits meeting the requirements of R. 1:6-6 or as otherwise provided in this rule and by R. 4:46-2(b), setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered, unless it appears from the affidavits submitted, for reasons therein stated, that the party was unable to present by affidavit facts essential to justify the opposition, in which case, the court may deny the motion, may order a continuance to permit additional affidavits to be obtained, depositions to be taken or discovery to be had, or may make such other order as may be appropriate.

Plaintiff and defendant do not disagree on the material facts as they have been set forth in the certification of plaintiff's representative. The legal question presented is whether the manner in which title is held bars a property tax exemption for the subject property under N.J.S.A. 54:4-

5

3.6.   Because there is no question of material fact in dispute, this case is ripe for summary judgment.

Legal Analysis

N.J.S.A. 54:4-3.6 provides in pertinent part that

> all buildings actually used in the work of associations and corporations organized exclusively for religious purposes, including religious worship, or charitable purposes, provided that if any portion of a building used for that purpose is leased to a profit-making organization or is otherwise used for purposes which are not themselves exempt from taxation, that portion shall be subject to taxation and the remaining portion shall be exempt from taxation, and provided further that if any portion of a building is used for a different exempt use by an exempt entity, that portion shall also be exempt from taxation… provided, … the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted for profit, except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work therein carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the buildings… The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed.  (Emphasis added.)
>
> [Ibid.]

"Real property owned by a non-profit, charitable organization, which is used exclusively for charitable purposes -- "as defined by law" -- is specifically exempted from taxation under the New Jersey Constitution."  Advance Housing, Inc. v. Township of Teaneck, 215 N.J. 549, 566 (2013).  "The burden of proving a tax exempt status is upon the claimant, and statutes granting exemption from taxation are strictly construed against anyone claiming an exemption thereunder." Princeton University Press v. Borough of Princeton, 35 N.J. 209, 216 (1961).  However, legislative

6

intent expressed in the statute should not be frustrated by the strict construction. To that end the construction, while strict, must always be reasonable, and words are not to be given a rigid scholastic interpretation when it appears that they were used in another sense. The rule of strict construction must never be allowed to defeat the evident legislative design. Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378, 122 A.2d 339 (1956).

To establish a right to an exemption a petitioner must "satisfy the statutory three-part test that flows from N.J.S.A. 54:4-3.6. [The petitioner] must show that: (1) it is organized exclusively for a charitable purpose; (2) its property is actually used for such a charitable purpose; and (3) its use and operation of the property is not for profit." Advance Housing, 215 N.J. at 567 (internal citation omitted).

Defendant does not dispute that plaintiff satisfies the second and third prongs of the foregoing test. Defendant contends, however, ownership of the subject property by "Bishop S.C. Madison, Trustee and his successor Trustees, as Trustee for the United House of Prayer for all People of the Church on the Rock of the Apostolic Faith" is not ownership by an "exempt organization organized exclusively for a charitable purpose" and that plaintiff fails to satisfy the final sentence of the authorizing statute that the exemption apply "only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed." N.J.S.A. 54:4-3.6.

The final sentence of N.J.S.A. 54:4-3.6 is not ambiguous. "To 'own' property means to have 'legal title' to it. Black's Law Dictionary, 1130 (7th Ed.1999). But that settled proposition, by itself, does not control the issue at hand if literal application would lead to a result incompatible with the legislative purposes." Center For Molecular Medicine and Immunology v. Township of

Belleville, 357 N.J. Super. 41, 53 (App. Div. 2003) (finding construction of ownership to include

99-year leases would have no adverse effect on the legislative purpose of N.J.S.A. 54:4-3.6.)

> "It is frequently difficult for a draftsman of legislation to anticipate all situations and to measure his words against them… It is the proper function, indeed the obligation, of the judiciary to give effect to the obvious purpose of the Legislature, and to that end "words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms.
>
> [New Capitol Bar & Grill Corp. v. Division of Employment Sec., 25 N.J. 155, 160 (1957).]

In the case before the court it is uncontroverted that the governing instruments of plaintiff

organization require that

> [t]he Bishop shall hold the property of all of the congregations of the organization as Trustee for the use and benefit of such congregations. The Bishop may rent, lease, dispose of or retain such property, for the use and benefit of the organization.

Moreover,

> [p]roperty purchased by any minister or other persons belonging to this organization for the purpose of assembly of a congregation of this organization shall belong to this organization irrespective of in whose name title thereto is taken.

The court notes that there is no actual trust; the designation of the Bishop, as "trustee" is

in apparent satisfaction of the requirements of plaintiff's Constitution and By-laws that the "Bishop

shall hold the property . . . as Trustee for the use and benefit of" its congregations. The court

further notes that historically, the individuals who have been designated "Bishop" of plaintiff

organization have acquired no personal interest in the subject property and have, instead, held such

interest solely for the benefit of the religious organization over which they have spiritual guidance.

Although the Bishop, as leader of the organization, has the power to make determinations relative

8

to the subject property, he may do so only for the benefit of the organization and not for his own personal benefit. Although the property may be titled in the name of the Bishop, the property belongs to the plaintiff organization. Clearly the Bishop has no personal interest in any property of the plaintiff.

Moreover, as demonstrated by the history of the subject property, none of the Bishops who have served the plaintiff organization during its ownership of the subject property have had an ownership interest in the subject property despite the manner in which title has been held. When the subject property was acquired in 1969, it was titled in the name of "Bishop W. McCollough, Successor Trustee for the United House of Prayer for All People of the Church on the Rock of the Apostolic Faith." In an effort to provide some clarity to the record of title, after Bishop S.C. Madison was elected in 1991, a confirmatory deed was executed to set forth the name of Bishop S.C. Madison as successor to Bishop W. McCollough. The deed confirmed that none of the individuals named as Bishop acquired any interest in the subject property, other than in their capacity as the representative of the plaintiff organization.

"The most obvious purpose of Section 3.6's requirement that the nonprofit entity own the property for it to be exempt is to prevent individuals or entities involved in business from avoiding real estate taxes by leasing their property for customary periods to entities which would otherwise qualify for the exemption." Ctr. For Molecular Med. & Immunology, 357 N.J. Super. at 53-54. Here, there is no such intent and there is no question that the use of the subject property is devoted to charitable purposes. While technically titled in the name of the Bishop, as Trustee for the plaintiff, the Bishop has no ownership interest in the subject property. For that matter, even a strict application of the statute to this case mitigates in favor of the exemption. The titling of the subject

property in the name of the Bishop, as Trustee, is a mere convention, providing nothing to the Bishop beyond that which is set forth in the organization's governing instrument.

Certainly the manner in which realty is owned by this organization engenders some confusion. Nonetheless, plaintiff has demonstrated that despite the manner in which title is held, the property is owned by the religious organization.

## CONCLUSION

The court finds that the plaintiff satisfies the requirements of N.J.S.A. 54:4-3.6. Under the specific factual circumstances presented here, the court finds that plaintiff is the owner of the subject property notwithstanding the manner in which title is stated on the record deed. Summary judgment in favor of plaintiff is granted. Judgment granting exemption to the subject property will be entered.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.